**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| T.J. AGENBROAD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CASE NO. 4:12cv480 |
| | § | Judge Clark/Judge Mazzant |
| J. A. MCENTIRE, III, AND BIG ROCK PETROLEUM, INC. | § § § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 23, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion for Summary Judgment [Doc. #28] be granted [Doc. #42]. On November 7, 2013, Plaintiffs filed objections [Doc. #46]. On November 18, 2013, Defendants filed a response [Doc. #47]. On November 25, 2013, Plaintiffs filed a reply [Doc. #48].

The Magistrate Judge entered a fourteen-page report and recommendation that recommended granting Defendants' motion for summary judgment in this securities and fraud lawsuit. The Magistrate Judge addressed the issues of whether this case was timely filed and whether various tolling statutes or equitable tolling would be applicable. The Magistrate Judge determined that Plaintiffs did not contest Defendants' evidence that the applicable statute of

1

limitations or repose have expired. Although Plaintiffs made a weak attempt to challenge this issue in their sur-reply brief, the Magistrate Judge correctly found that Plaintiffs cannot challenge this issue in a sur-reply brief after having waived the issue in their response. Thus, the Magistrate Judge continued his examination of the various state statutes, along with equitable tolling, to see if this action was timely filed.

Plaintiffs first argued that the filing of the action should be tolled based upon section 16.064 of the Texas Civil Practice and Remedies Code. Section 16.064 provides that:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of **the same action** in a different court suspends the running of the applicable statute of limitations for the period if:
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

The Magistrate Judge noted that this lawsuit was filed on the sixty-first day after the date of dismissal [Doc. #42 at 5 n.2]. This issue was not raised by the parties in their summary judgment briefing, or in their objections and responses. The state court dismissed the suit on May 31, 2012. This action was filed on July 31, 2012, which was a Tuesday. This is the sixty-first day after the date of dismissal. Plaintiffs assert only that the court should not consider this, since it was not raised by Defendants in their summary judgment brief. However, this is dispositive of the issue of whether section 16.064 applies to toll the filing of this action. The court is aware of no rule or procedure that allows it to ignore the fact that Plaintiffs cannot rely on this statute as a basis for tolling because they failed to comply with the requirements set out in the statute itself. Therefore, for this reason alone, the court finds that section 16.064 does not apply to toll Plaintiffs' claims.

Plaintiffs also assert that the Magistrate Judge erred in finding that sections 16.063 and 16.064 fail to prevent the granting of Defendants' motion for summary judgment. Plaintiffs fail to point out how the Magistrate Judge erred, other than asserting that the Magistrate Judge failed to give the statute a liberal interpretation. Plaintiffs' argument has no merit. The Magistrate Judge first gave the statute a literal interpretation and then gave it a liberal construction, and under both found for Defendants. The court finds no error in the analysis. Plaintiffs merely reargue the same points made previously and fail to establish how this is error, other than they disagree with the decision.

Plaintiffs assert for the first time that Fed. R. Civ. P. 17, which defines a real party in interest for federal proceeding should alter who the party was in the state court action. This is a new argument made for the first time, and is rejected. Even if considered, Rule 17 does not alter the fact that the individual plaintiffs were never part of the state court action. The court does not see how Rule 17, even if not a new argument, changes the conclusion from the Magistrate Judge that section 16.064 does not apply to toll Plaintiffs' claims because the two cases are not "the same action."

In their objections, Plaintiffs assert, for the first time, that their claims were tolled for several additional reasons that prevented the statute of limitations from expiring. Plaintiffs now assert that the Big Rock Entities' bankruptcies tolled their individual claims. Plaintiffs cannot offer new arguments for the first time through objections, and the court overrules this objection. The parties are not permitted to use briefing before the Magistrate Judge as a test run, and are required to offer all arguments at the time of first briefing. Otherwise, the parties' arguments are subject to waiver. Moreover, even if the court considered this argument, the court finds it meritless since the Big Rock Entities' bankruptcies had no impact on Plaintiffs' ability to bring suit against Defendants.

Plaintiffs also assert, for the first time, that their claims were tolled under the doctrine of

misnomer or misidentification. Again, Plaintiffs raise a theory that has not been pleaded or raised before the Magistrate Judge, and it is rejected by the court.

Plaintiffs next assert that their claims were tolled during the pendency of the abatement. Plaintiffs argue that the state court lawsuit was abated from approximately August 6, 2006, to January 6, 2011. These arguments fail to explain why the court should not adopt the report of the Magistrate Judge. In the state court action, the state court rejected the argument that the individual plaintiffs were part of the state court action by rejecting the attempt to add them. This decision was not appealed. The Fort Worth Court of Appeals also considered whether the state court Plaintiffs could bring suit on behalf of the individual Plaintiffs as their attorney-in-fact, and the court rejected this argument. The Magistrate Judge also determined that the individual Plaintiffs and the state court Plaintiffs were not "one and the same" and that Plaintiffs were not parties to the original state court lawsuit. Even if the state court abatement of the lawsuit prevented Big Rock Investors Association from proceeding with its state court action, it in no way prevented Plaintiffs from filing a separate action in federal court. The court agrees that Plaintiffs simply failed to timely file suit. To the extent that this is an objection, it is overruled.

The court also rejects Plaintiffs' request to submit new evidence or arguments not presented before the Magistrate Judge. Plaintiffs have failed to demonstrate any legal or factual error made by the Magistrate Judge that would lead the court not to adopt the report.

Finally, Plaintiffs assert that the Defendants failed to conclusively prove their statute of limitations defense. Plaintiffs contend that Defendants have the burden of proof to conclusively prove when the cause of action accrued, and negate the discovery rule by proving as a matter of law there is no genuine issue of material fact about when the Plaintiffs discovered, or in the exercise of

reasonable diligence should have discovered the nature of the injury [Doc. #46 at 10 (citing *KPMG Peat Marwick v. Harrison County Housing Fin.Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)]. Plaintiffs did not raise this argument before the Magistrate Judge until Plaintiffs' sur-reply brief [*See* Doc. #42 at 5 n.1]. However, Defendants' motion clearly established that Plaintiffs' claims were filed after the expiration of the applicable statutes of limitations and repose [*See* Doc. #28 at 6-23]. In their response, Plaintiffs chose not to refute these facts and instead, relied exclusively on their arguments asserting that the statute of limitations for each of their claims was tolled [Doc. #35]. Plaintiffs now argue only that Defendants failed to prove when the causes of action accrued, but fail to provide any facts, evidence, or argument supporting this contention. Defendants did prove that when the causes of action accrued, and continued to demonstrate why no tolling provision tolled the applicable statute of limitations. Plaintiffs' objection is overruled.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [Doc. #46], as well as Defendants' response [Doc. #47] and Plaintiffs' reply [Doc. #48], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment [Doc. #28] is **GRANTED** and Plaintiffs' case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **8** day of **February, 2014.**

_____
Ron Clark, United States District Judge